REICHELLAW PC
MARK REICHEL
ATTORNEY AT LAW
State Bar #155034
455 CAPITOL MALL, SUITE 802
SACRAMENTO, CA  95814
916.548.7398
mark@reichellaw.com
www.reichellaw.com

Attorney for Defendant
EBERARDO ACOSTA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EBERARDO ACOSTA,<br><br>Defendant | Case No.: 2:22-CR-00021-DAD-1<br>STIPULATION REGARDING MODIFICATION OF PRETRIAL CONFERENCE; ORDER<br><br>Date: August 28, 2025<br>Time: 9:30 AM<br>Court: Hon. DALE A. DROZD |

**STIPULATION**

By stipulation, the parties agree to reset the defendant's pretrial conference from the original date of August 18, 2025, to August 28, 2025, at 9:30 a.m., and to exclude time between August 18, 2025, and August 28, 2025, with an exclusion of time, under Local Code T4.

1. The parties agree and stipulate, and request that the Court find the following:

STIPULATION AND ORDER
1

a. Counsel for defendant is unavailable on the original date of August 18, 2025 due to a conflict in his schedule. Counsel for the defendant is nearly finished providing mitigating information recently obtained from Mexico. Counsel for defendant desires additional time to review the discovery with his client, research and investigate possible defenses, discuss any potential resolution with his client, research mitigating evidence, and present it to the prosecution. Defendant is housed at the Nevada City Jail, and defense counsel and the defendant are very close to the adoption of a plea agreement to resolve the matter. A short continuance is needed.

b. Counsel for defendant believes that failure to grant the above requested continuance would deny him the reasonable time necessary for effective preparation, considering the exercise of due diligence.

c. The government does not object to the continuance.

d. Based on the above-mentioned findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 18, 2025, to August 28, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161 (h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

2. Nothing in the stipulation and order shall preclude the finding that other provisions of the Speedy Trial Act dictate the additional time periods are excludable from the period with which a trial must commence.

**IT IS SO STIPULATED**.

Dated: August 14, 2025

Eric Grant
United States Attorney

Dated: August 14, 2025

*/s/ DAVID SPENCER*
DAVID SPENCER
Assistant United States Attorney

Dated: August 14, 2025

*/s/ MARK REICHEL*
MARK REICHEL
Counsel for Defendant
Eberardo Acosta

## ORDER

Pursuant to the stipulation of the parties and good cause appearing, the trial confirmation hearing as to defendant Eberardo Acosta is continued from August 18, 2025, to August 28, 2025, at 9:30 a.m., and time is excluded between August 18, 2025, and August 28, 2025, pursuant to Local Code T4.

IT IS SO ORDERED.

Dated:  **August 14, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE